## SQUIER and others, trustees, *vs.* SHAW and others.

1. An answer, of which any part entitles it to fill the character it assumes, will not be ordered to be stricken from the files.

2. When an answer is impertinent only in part, the remedy is by exceptions.

3. It is not impertinence, in an answer to a bill for foreclosure by a second mortgagee, to aver that his mortgage is for a larger amount than is alleged in the bill, nor in an answer thereto by the mortgagor, to aver that he has paid a specified sum on the complainants' mortgage, for which he claims credit.

On motion to strike out answers.

*Mr. Thomas Anderson,* for complainants.

*Mr. W. Luse,* for defendants.

THE CHANCELLOR.

The complainants move to strike out the respective answers of Rusilla Wintermute and Caroline Shaw, as frivolous and impertinent. The bill is filed to foreclose a mortgage held by the complainants upon premises owned by Mrs. Shaw, and upon which Mrs. Wintermute has a subsequent mortgage. It prays answer, on oath, from the defendants. It states that Mrs. Wintermute's mortgage was made to secure the payment of $400, with interest. These defendants were called upon to answer as to the facts stated in the bill; to answer, among other things, as to the making and priority of the complainants' mortgage.

Mrs. Wintermute admits both, and answers that her mortgage was made to secure $1000 of principal, instead of $400, and that the former sum, besides interest, is due upon it. Mrs. Shaw, in her answer, admits the making of the mortgages of the complainants and Mrs. Wintermute, and the priority of the former over the latter, but sets up a payment, sufficiently well pleaded, of $1200, on the complainants' mortgage, for which she claims credit.

The complainants insist that these things are all subjects of proof, and that the answers in respect to them are immaterial, and that, in other respects, the answers are impertinent. They, therefore, ask that they be stricken out. If these answers had contained no more than the matters above specified, could the court have been successfully appealed to, to strike them out? And will the fact that they contain other matters which are impertinent, make them impertinent or immaterial in the respects above referred to?

There are parts of both these documents which entitle them to fill the character they assume. The court will not,

therefore, order them to be taken off the files. 1 *Daniell's Ch. Pr.* 786 ; *Travers* v. *Ross*, 1 *McCarter* 257.

The remedy of the complainants is by exception to the answers.

The motion is denied.